IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Alexander R. Gessa, | ) | |
| | ) | Civil Action No. 8:07-1721-HMH-BHH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Donald F. Bauknecht, | ) | |
| Warden of FCI -Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241.  This matter is before the Court on the respondent's motion to dismiss, or alternatively, for summary judgment.  (Docket Entry #7).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on June 20, 2007.  On August 21, 2007, the respondent filed a motion to dismiss, or alternatively, for summary judgment.  By order filed August 22, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondent's motion to dismiss. On September 18, 2007, the petitioner filed a response.

## FACTS

The petitioner is a federal prisoner at Williamsburg Federal Prison Camp.  (Pet. ¶ 1.)  In 1981, the petitioner was arrested in New Jersey on state charges of possession of marijuana.  He was sentenced to a work release program and fined.  (*Id.* at 2.)  On August 11, 1989, the petitioner was sentenced to thirty (30) years by the United States District Court for the Middle District of Tennessee, for the offense of continuing criminal enterprise.[1] (Def.'s Mem. Supp. Summ. J. Mot. Ex. 1.)  He has a projected release date of February 7, 2015, via good conduct time.  (*Id*.)

In his petition, the petitioner alleges that the Federal Bureau of Prisons ("BOP") began to use a new scoring system in September 2006 which relies heavily on Presentence Reports ("PSRs") to determine an inmate's security level.  (Pet. 3.)  Further, in his petition, the petitioner alleges there is an error in his PSR regarding his prior state conviction and the BOP is relying on this incorrect information enhance his security level.  (Pet. 2-3.)  Specifically, he alleges the prior state conviction was incorrectly classified as a felony in his PSR.  (*Id. at 7.*)  The petitioner states that he has requested that the BOP correct the PSR, but that the BOP responded that it did not have the authority to do so unless directed by the court.  (Pet. 4.)

Liberally construing the petition, the petitioner is seeking declaratory and injunctive relief (Pet. at 1), in the form of ordering the BOP to correct his PSR and discontinue utilizing the alleged inaccurate information contained within his PSR for the purposes of

---

[1]21 U.S.C. § 848.

2

calculating his security and custody classification.  (Pet. at 4-5.)  However, in his response

to the respondent's summary judgment motion, the petitioner contends his federal

conviction for continuing criminal enterprise was achieved by relying on the error in his

PSR regarding his state conviction and further he specifically states this "is the essence

of the claim in [his] § 2241 Writ of Habeas Corpus."  (Pet.'s Mem. Opp. Summ. J. Mot. at

1.)

## ANALYSIS

The respondent contends that a habeas action pursuant to § 2241 is not proper to

raise the petitioner's challenges.  The court agrees.

A federal prisoner seeking to challenge the legality of his conviction or sentence

must proceed pursuant to 28 U.S.C. § 2255 (2000) in the district of conviction, while

§ 2241 petitions are generally reserved for challenges to the execution of a prisoner's

sentence. *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).  However, in limited

circumstances, § 2255 is "inadequate or ineffective" to test the legality of the detention. In

those cases, a prisoner may file a § 2241 petition in the district of his confinement to

challenge his conviction.  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).  In *Jones*, the

court concluded that § 2255 is inadequate or ineffective, and § 2241 may be used:

> to test the legality of a conviction when: (1) at the time of
> conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the
> substantive law changed such that the conduct of which the
> prisoner was convicted is deemed not to be criminal; and (3)
> the prisoner cannot satisfy the gatekeeping provisions of
> § 2255 because the new rule is not one of constitutional law.

3

226 F.3d at 333-34.

While in his petition, the petitioner does not appear to be challenging the validity of his sentence, in his response to the respondent's summary judgment motion, the petitioner contends his federal conviction for continuing criminal enterprise was achieved by relying on the error in his PSR regarding his state conviction and further he specifically states this "is the essence of the claim in [his] § 2241 Writ of Habeas Corpus." (Pet.'s Mem. Opp. Summ. J. Mot. at 1.) Clearly, the petitioner is seeking to not only have the PSR corrected, but his federal conviction and sentence overturned. (*Id.* at 2.) Based upon this, a habeas petition pursuant to § 2241 is not the proper avenue for the petitioner as the petitioner is challenging the legality of his conviction, not the execution of the sentence. Therefore, the petitioner's claims should have been presented in a motion under § 2255. *Vial*, 115 F.3d at 1194 n. 5. Additionally, the petitioner has failed to demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention. *Jones*, 226 F.3d at 333. Therefore, the petitioner has failed to establish any proper grounds for relief pursuant to § 2241 and the respondent should be granted summary judgment.[2]

The respondent should also be granted summary judgment for any claim which the petitioner has alleged pursuant to the Privacy Act, 5 U.S.C. § 552a. First, such a claim is not proper in a habeas action. Furthermore, under the Privacy Act, the petitioner is not

---

[2]Additionally, the court notes that the petitioner was convicted and sentenced in the Middle District of Tennessee. Therefore, this court lacks jurisdiction to entertain a § 2255 petition. Rather, the petitioner must pursue this request in the sentencing court. *In re Vial*, 115 F.3d 1192.

entitled to the relief he seeks.  Section 552a(e)(5) of the Act requires federal agencies to maintain accurate and complete records and § 555a(g)(1)(C) provides for a private civil action against an agency that maintains inaccurate records that result in adverse consequences to an individual.  However, a prisoner is not entitled to injunctive relief to correct allegedly inaccurate information maintained in his file.  5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97; *see also Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C.Cir. 1992).  As this is exactly the type of relief the petitioner is seeking, his claims under the Privacy Act should be also dismissed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss, or alternatively, for Summary Judgment (Docket Entry #7) be GRANTED and this habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 22, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).